

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-4955
Re: Under the facts stated is
the commissioners' court
authorized to employ out-
side legal help to assist
the county or district at-
torney) on behalf of either
the named precinct employee
or the commissioners' court
and pay such fee from Road
and Bridge Fund, and a re-
lated question?

Your letter requesting the opinion of this depart-
ment on the questions stated therein reads in part as follows:

"In a taxpayers' petition for an injunc-
tion directed against the County Judge and
Commissioners, the County Auditor, County Clerk
and County Treasurer, to enjoin them from pay-
ing out County Road and Bridge Funds for dirt
purchased from a Precinct employee (acting in
the capacity of securing right of way for one
of the Precincts), is the Commissioners' Court
authorized to employ outside legal help to as-
sist the County or District Attorney on behalf
of either the above named Precinct employee or
the Commissioners' Court and pay such fee from
Road and Bridge Precinct funds?

"If your answer is that such fee can not
be paid from Road and Bridge funds, then I ask
if it may be paid from any other County Fund?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In order that you may have a more
definite picture of the circumstances in-
volved, I am enclosing herewith a copy of
the papers submitted in this suit.

"I might state further that this matter
came before the 58th District Court for hear-
ing on Thursday, October 29th, and was de-
ferred until Monday, November 2nd, and at the
original hearing on Thursday there were three
representatives of the District Attorney's
Department present, including the Chief Assis-
tant. The outside Attorney who was employed
by the Commissioners' Court was also present."

The enclosed copy of the plaintiff's petition at-
tached to your inquiry reflects that Mr. R. M. Keith has
brought suit against P. L. Osborne, an employee of Jeffer-
son County, as an individual, against Jefferson County and
against the commissioners' court of Jefferson County, the
County Treasurer, the County Clerk, and the County Auditor
in their respective official capacities. The suit was
brought against Jefferson County and the county officials
as named in plaintiff's petition to enjoin alleged illegal
action of said County and officials from the payment of cer-
tain designated sums and amounts of money to P. L. Osborne.
Although P. L. Osborne is an employee of Jefferson County,
after carefully reading the plaintiff's petition, it is ap-
parent that he is sued as an individual.

Besides enjoining the county officials and Jeffer-
son County from paying out certain amounts and sums of money
to P. L. Osborne the suit is to enjoin the said P. L. Osborne
from doing certain things as stated in the petition and to
adjudicate other matters between the county and P. L. Osborne,
which we do not think is necessary to discuss in this opinion.

In Texas Jurisprudence, Vol. 11, P. 575, it is
stated:

"The commissioners' court has power to
employ attorneys to assist the regularly con-
stituted officers of the county in the prose-
cution of its claims and suits, and to pay for
such services out of the county funds. It
seems, however, that the commissioners' court

Honorable E. S. Foreman, Page 3

does not have the power to deprive the county
attorney of his rightful authority in this re-
gard. The employment of counsel is restricted
to special cases where the services of an at-
torney are required; nor has the court power
to make an order which will warrant the pay-
ment of county money to an attorney for serv-
ices neither required nor performed." (Adams
vs. Seagler, 250 S.W. 413; Gibson vs. Davis,
236 S.W. 202; Terrell vs. Greene, 31 S.W. 631;
Grooms vs. Atascosa County, (Civ. App.) 32
S.W. 188)

Under the holdings of the above mentioned cases,
it is apparent that the commissioners' court has the power
and authority to employ attorneys in the prosecution of its
claims and suits and pay for such services out of the gen-
eral fund of the county where the county, as a whole, is
interested and affected in such proceedings.

In the case of City National Bank of Austin vs.
Presidio County, 26 S.W. 775, it was held that the commis-
sioners' court was authorized to employ counsel to repre-
sent the commissioners' court in a suit which was brought
against the county judge and the commissioners to enjoin
alleged illegal action of the commissioners' court in re-
moving the county seat of Presidio County from Fort Davis
to Marfa. The court held that while the suit was nominal-
ly against the defendants as individuals, it was designed
to control the performance of their official acts, and
theretofore was a matter of concern to the county. In this
connection the court said:

"While it was nominally a suit against
them as individuals, its design and effect was
to obstruct and control the performance of
their official acts, and we are not disposed
to hold in such a case that they must do noth-
ing towards defending certain suits, or must
employ counsel at their own expense. They had
power to employ counsel, and to defray the rea-
sonable expenses thereof out of the county
funds."

The court also held that the right to employ
counsel was not dependent upon whether the order of the

Honorable E. S. Foreman, Page 4

commissioners' court which was under attack was valid or invalid. On this point the court said:

"The validity of their acts was not affected by the fact that they were mistaken, or that there was an adverse decision of the question. It has been frequently held that the power cannot be measured by such a rule."

The Road & Bridge Fund is a constitutional fund. (The Commissioners' Court of Henderson County vs. Burk, 262 S.W. 94, and Section 9, Article 8, Texas Constitution) Therefore, the moneys arising from taxes levied and collected for the Road & Bridge Fund is a constitutional fund and the commissioners' court has no power to transfer money from one fund to another or to expend, for one purpose, tax money raised ostensibly for another purpose. (See Carroll vs. Williams, 202 S.W. 504) The commissioners' court has no authority to expend money from the Road & Bridge Fund for the purpose of compensating an attorney who is employed to represent the county. The commissioners' court has no authority whatsoever to employ and pay an attorney to represent P. L. Osborne.

As above stated the commissioners' court has the power and authority to employ attorneys in the prosecution of its claims and suits and pay for such services out of the General Fund of the county where the county, as a whole, is interested and affected in such proceedings. Therefore, it is our opinion that the commissioners' court is authorized to employ an attorney for the purpose of representing the commissioners' court and the county in the above mentioned case and pay him out of the General Funds of the county.

We are returning the papers which were enclosed with your request.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED NOV 17, 1942

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

AW:ff

Encl.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

OPINION COMMITTEE
BY
CHAIRMAN